UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE THOMAS MAKI,

        Petitioner,                              Case No. 07-12718
                                                      Hon. David. M. Lawson

v.

SHERRI BURT,

        Respondent.
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

The petitioner, George T. Maki, presently confined at the G. Robert Cotton Correctional Facility in Jackson, Michigan, has filed a *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner pleaded no contest but mentally ill on one count of assault with intent to murder in the Muskegon County, Michigan circuit court and was sentenced to fifteen to forty years in prison. The petitioner alleges that the state trial court miscalculated his sentencing guidelines by relying on factors that had not been submitted to a jury and proven beyond a reasonable doubt. In her answer, the respondent asserts that the petitioner failed to exhaust his claims because he has not sought leave to appeal to the Michigan Supreme Court. The respondent also maintains that in any event, the petitioner's claims lack merit. Because the Court agrees with the latter contention, it will deny Mr. Maki's petition.

I.

The petitioner pleaded no contest but mentally ill to the charge of the assault with intent to murder. On November 22, 2004, he was sentenced to fifteen to forty years in prison. The Michigan Court of Appeals denied the petitioner's delayed application for leave to appeal "for lack of merit

in the grounds presented." *People v. Maki*, No. 266708 (Mich. Ct. App. Dec. 20, 2005). The petitioner did not appeal this decision to the Michigan Supreme Court.

The petitioner now seeks a writ of habeas corpus claiming that he is entitled to resentencing because the state trial court miscalculated the sentencing guidelines with respect to Offense Variables four, six, and seven, dealing with psychological injury to a victim, intent to kill or injure another individual, and aggravated physical abuse, respectively. Further, the petitioner contends that his right to jury trial was violated where the district court increased his sentence based on factors not submitted to a jury or proven beyond a reasonable doubt, and not conceded by the petitioner.

II.

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), which govern this case, "circumscribe[d]" the standard of review federal courts must apply when considering applications for a writ of habeas corpus raising constitutional claims. *See Wiggins v. Smith*, 539 U.S. 510, 520 (2003).

As amended, 28 U.S.C. § 2254(d) permits a federal court to issue the writ only if the state court decision on a federal issue "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or it amounted to "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) & (2); *Franklin v. Francis*, 144 F.3d 429, 433 (6th Cir. 1998). Mere error by the state court will not justify issuance of the writ; rather, the state court's application of federal law "must have been objectively unreasonable." *Wiggins*, 539 U.S. at 520-21 (quoting *Williams v. Taylor*, 529 U.S. 362, 409 (2000) (internal quotes omitted)). Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1) ("In a

proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct."); *see also West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996) (stating that "[t]he court gives complete deference to state court findings of historical fact unless they are clearly erroneous").

The Supreme Court has explained the proper application of the "contrary to" clause as follows:

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. . . .
>
> A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from [the Court's] precedent.

*Williams*, 529 U.S. at 405-06.

The Supreme Court has held that a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause of § 2254(d)(1) "when a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case." *Id.* at 409. The Court has "explained that an unreasonable application of federal law is different from an incorrect application of federal law. Indeed, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must be objectively unreasonable. This distinction creates a substantially higher threshold for obtaining relief than *de novo* review. AEDPA thus imposes a highly deferential standard for evaluating state-court rulings, and demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, --- U.S.

---, ---,130 S. Ct. 1855, 1862, 1864-65 (2010) (finding that the state court's rapid declaration of a mistrial on grounds of jury deadlock was not unreasonable even where "the jury only deliberated for four hours, its notes were arguably ambiguous, the trial judge's initial question to the foreperson was imprecise, and the judge neither asked for elaboration of the foreperson's answers nor took any other measures to confirm the foreperson's prediction that a unanimous verdict would not be reached") (internal quotation marks and citations omitted); *see also Knowles v. Mirzayance*, --- U.S. ---, ---, 129 S. Ct. 1411, 1419 (2009) (noting that the Supreme "Court has held on numerous occasions that it is not "'an unreasonable application of clearly established Federal law'" for a state court to decline to apply a specific legal rule that has not been squarely established by this Court") (quoting *Wright v. Van Patten*, 552 U.S. 120, 125-26 (2008) (per curiam)); *Phillips v. Bradshaw*, 607 F.3d 199, 205 (6th Cir. 2010); *Murphy v. Ohio*, 551 F.3d 485, 493-94 (6th Cir. 2009); *Eady v. Morgan*, 515 F.3d 587, 594-95 (6th Cir. 2008); *Davis v. Coyle*, 475 F.3d 761, 766-67 (6th Cir. 2007); *King v. Bobby*, 433 F.3d 483, 489 (6th Cir. 2006); *Rockwell v. Yukins*, 341 F.3d 507, 512 (6th Cir. 2003) (en banc).

The respondent asserts that the petition should be dismissed because it contains unexhausted claims. Federal courts may not grant a habeas corpus petition unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Although normally the failure to exhaust state court remedies requires dismissal of the entire petition, *Lyons v. Stovall*, 188 F.3d 327, 333 (6th Cir. 1999) (citing *Rose v. Lundy*, 455 U.S. 509, 522 (1982)), the failure to exhaust state remedies is not a bar to adjudication when, as here, the federal claims lack merit, since requiring additional proceedings in state court would waste time and judicial resources. *Ibid.*; *see also* 28 U.S.C. § 2254(b)(2). The Court therefore will excuse the exhaustion requirement in the

interest of judicial economy and proceed to address the merits of the petitioner's unexhausted claims.

The petitioner raises only a sentencing issue in his petition, and that issue focuses on the trial court's state sentencing guideline calculation. The petitioner's claim that the state trial court incorrectly scored or calculated his sentencing guidelines range under the Michigan Sentencing Guidelines is not a cognizable claim for federal habeas review, because it is based solely on state law. *See McPhail v. Renico,* 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006). Although the petitioner had a constitutional right not to be sentenced on "misinformation of constitutional magnitude," *Roberts v. United States*, 445 U.S. 552, 556 (1980) (quoting *United States v. Tucker*, 404 U.S. 443, 447 (1972)), the essence of his argument is that the trial court mis-scored the sentencing guidelines on issues relating to the petitioner's own intent and conduct, and the effect of the harm on the victim. "A federal court may not issue the writ on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984). Therefore, a claim that the trial court mis-scored offense variables in determining the state sentencing guidelines is not cognizable on habeas corpus review. *See Cook v. Stegall*, 56 F. Supp. 2d 788, 797-98 (E.D. Mich. 1999).

The petitioner also argues that his sentence was increased based upon facts neither proven to a jury beyond a reasonable doubt nor admitted by him. The petitioner argues, therefore, that the trial court judge violated his Sixth Amendment right to a trial by jury by using factors to score his sentencing guidelines that had not been submitted to a jury and proven beyond a reasonable doubt or admitted to by the petitioner. The petitioner believes that *Blakely v. Washington,* 542 U.S. 296 (2004), and *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), support his position. However, the claim that Michigan's sentencing guideline system, wherein judge-found facts are used to establish

the minimum sentence of an indeterminate sentence, violates the Sixth Amendment has been foreclosed by the Sixth Circuit's decision in *Chontos v. Berghuis*, 585 F.3d 1000, 1002 (6th Cir. 2009) ("[The petitioner] argues that the Michigan trial judge violated *Apprendi* by finding facts that raised his minimum sentence. But *Harris v. United States* tells us that *Apprendi*'s rule does not apply to judicial factfinding that increases a minimum sentence so long as the sentence does not exceed the applicable statutory maximum."). This Court is bound by that decision. Under state law, assault with intent to commit murder is punishable by imprisonment for life or any term of years. Mich. Comp. Laws § 750.83. Because the petitioner's sentence fell within the statutorily-authorized maximum penalty, which was not enhanced by judicial factfinding, no Sixth Amendment violation occurred.

### III.

The state court decisions in this case were not contrary to federal law, an unreasonable application of federal law, or an unreasonable determination of the facts. The petitioner has not established that he is presently in custody in violation of the Constitution or laws of the United States.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus [dkt # 1] is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: July 15, 2010

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 15, 2010.

        s/Susan K. Pinkowski
        SUSAN K. PINKOWSKI